**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**April 2, 2020**

# In the Court of Appeals of Georgia

A20A0457. MELTON v. THE STATE.

PHIPPS, Senior Appellate Judge.

In this DUI case, we granted Laroy Edward Melton's application for interlocutory appeal to review the trial court's order denying his motion to suppress evidence of the state-administered breath test. Melton alleges that the trial court erred (1) by failing to apply the totality of the circumstances test to determine whether he voluntarily consented to the breath test and (2) by failing to find that a portion of Georgia's implied consent notice was unconstitutionally misleading and coercive in violation of the Georgia Constitution. Because the trial court failed to issue a finding addressing the voluntariness of Melton's consent to the breath test based upon the totality of the circumstances, we vacate the trial court's order and remand this case for a ruling on this issue.

On a motion to suppress, the State has the burden of proving that a search was lawful. Thus, when relying on the consent exception to the warrant requirement, the State has the burden of proving that the accused acted freely and voluntarily under the totality of the circumstances. Where, as here, the relevant facts are undisputed, this Court's review is de novo.

(Citations and punctuation omitted.) *Hernandez v. State*, 348 Ga. App. 569, 569 (824 SE2d 67) (2019).

The record shows that on December 24, 2017, a Gwinnett County police officer stopped Melton for speeding. The officer noticed a strong odor of alcoholic beverage emanating from inside the car, and that Melton had bloodshot eyes and slurred speech. Melton admitted to the officer that he had recently consumed alcohol. In addition, Melton exhibited impairment on field sobriety tests and had a positive alcosensor reading, indicating that he was under the influence of alcohol. The officer arrested Melton and read him the implied consent notice for suspects age 21 or over pursuant to former OCGA § 40-5-67.1 (b) (2), which informed Melton that his refusal to submit to the required testing may be offered into evidence against him at trial.[1]

---

[1] OCGA § 40-5-67.1 (b) (2) was subsequently amended, effective April 28, 2019, to remove this provision indicating that a defendant's refusal to submit to a breath test could be admitted as trial evidence. See Ga. L. 2019, p. 295, § 2.

2

Melton consented to a state-administered breath test. The test results revealed that Melton had a blood alcohol concentration of 0.099, which was in excess of the legal limit of 0.08. Melton subsequently was charged with DUI per se, DUI less safe, and speeding.

Melton filed a pretrial motion to suppress the breath test, claiming that he was coerced to submit to the test while he was in custody and after being misinformed that his refusal to consent would be used against him at trial. Following a hearing, the trial court denied the motion, finding that Melton had consented to the breath test and that Melton was not entitled to *Miranda* warnings before the administration of the breath test. The court then granted Melton a certificate of immediate review.

Melton filed a timely application in the Georgia Supreme Court seeking review of the trial court's denial of his motion to suppress. The application was transferred to this Court based upon the Supreme Court's conclusion that

> the constitutional question presented . . . – whether the language contained in OCGA § 40-5-67.1 is per se coercive when used to obtain consent to a state-administered breath test, such that it violates the due process guarantees of the United States and Georgia Constitutions – requires only the application of well-established constitutional principles to the facts of this case. See *Elliott v. State*, 305 Ga. 179 (824 SE2d 265) (2019); *Olevik v. State*, 302 Ga. 228 (806 SE2d 505) (2017).

3

We granted Melton's application for interlocutory appeal, and this appeal ensued.

The Georgia Supreme Court's decisions in *Elliott* and *Olevik* hold that the protection against compelled self-incrimination provided by Article I, Section I, Paragraph XVI of the Georgia Constitution affords a DUI suspect the right to refuse a state-administered breath test. *Elliott*, 305 Ga. at 179-180; *Olevik*, 302 Ga. at 243 (2) (c) (iii). In *Elliott*, the Supreme Court further concluded that this state constitutional right prohibits admission of evidence that a DUI suspect refused a breath test. *Elliott*, 305 Ga. at 180, 209-210 (IV). Although OCGA § 40-5-67.1 (b) "is not per se coercive," *Olevik*, 302 Ga. at 247 (3), the Supreme Court recognized that "the fact that an officer reads a suspect the implied consent notice and otherwise complies with implied consent procedures does not mean that the suspect gives actual and voluntary consent to a particular test for Fourth Amendment purposes." (Citation omitted.) *Elliott*, 305 Ga. at 222 (III) (E). When a defendant challenges the voluntariness of his consent to a breath test, the trial court must examine the totality of the circumstances surrounding the consent. *Olevik*, 302 Ga. at 251 (3). "Determining the voluntariness of (or lack of compulsion surrounding) a defendant's [consent to a breath test] involves considerations similar to those employed in

4

determining whether a defendant voluntarily consented to a search," including such factors as

> the age of the accused, his education, his intelligence, the length of detention, whether the accused was advised of his constitutional rights, the prolonged nature of questioning, the use of physical punishment, and the psychological impact of all these factors on the accused. In determining voluntariness, no single factor is controlling.

(Citation omitted.) *Olevik*, 302 Ga. at 251 (3) (b).

Melton has challenged the voluntariness of his consent to the breath test under the totality of the circumstances, including his contention that he was uncomfortable and in pain when the implied consent notice was read to him and that the implied consent notice contained the misleading, coercive threat that his refusal to submit to the breath test could be used as evidence at trial. But the trial court's order failed to address the issue of voluntariness in accordance with the totality of the circumstances test. Under these circumstances, we must remand this case to the trial court for the entry of findings and a conclusion addressing the voluntariness issue. See *State v. Turnquest*, 305 Ga. 758, 775-776 (5) (827 SE2d 865) (2019) (remanding case for the trial court to consider defendant's argument that his breath test results should be suppressed because the implied consent advisement provided to him was misleading,

5

implicating the decision in *Elliott*). See also *Elliott*, 305 Ga. at 223 (III) (E) (recognizing that its holding "may affect a totality-of-the-circumstances inquiry into whether a defendant voluntarily submitted to a breath test where the State first threatened that, if [the test was] refused, that would be evidence against [defendant] at trial.").

*Judgment vacated and case remanded. Barnes, P. J., and Gobeil, J., concur*.